We will then hear argument in M.C. Management of Rochester v. Joseph R. Biden. Thank you so much. Mr. Yampa-Lunas. Mr. Yampa-Lunas, am I pronouncing that correctly? May it please the Court. This is a case involving the American Rescue Plan Act, under which Congress established the Restaurant Revitalization Fund, which was to assist businesses, mostly restaurants, struggling during the COVID pandemic. Under the act, a 21-day priority period was established, under which businesses, 51 percent owned by women and other minorities, were given a priority advantage where they were able to submit applications, while there was still, I guess, $26 billion available. And during that 21-day period, the funds were elevated. Can we start with your claim for declaratory relief? I'd like to know, are you claiming what the injury you're claiming is? Is it a passing injury or some kind of ongoing or future harm? Judge, as much as I hate to concede anything, I think the gravamen of this appeal is the third cause of action. I'm sorry, is what? The cause of action for a grievance claim. I think that's the gravamen of this appeal. I think that's what makes this an important appeal. And I'd like to get directly to you. Are you conceding on the… Yes, Judge, I am. You are conceding. Yes. I'm agreeing with the lower court on that point. You're agreeing that there isn't a basis for equitable relief at this point? At this point, based on the unlikelihood of any future injury, because the funds have been exhausted. I understand that. But I'm certainly not conceding. This is not a grievance claim. That's my argument. Yeah, I'm sorry, can you raise your mic closer to you? Raise the microphone, yeah. How's that? Thank you. Okay. And I didn't hear your last sentence, what you're not conceding. Clarify that for me. I'm not conceding, and I'm certainly arguing that this case presents a bivens claim. You know, bivens… But you didn't sue anyone in the individual capacity? I'm going to give you that, Judge. That's part of the relief I'm going to be asking for. How do you have a bivens claim if you haven't sued anyone individually? Well, first, can I explain why I believe I have a bivens claim? And then I'll get to your question. You only have a bivens claim if you sue individually. In the official capacity, you've got the United States has sovereignty. I would admit, concede also, Judge, that we need to amend to sue the SBA administrator in her individual capacity. The reason that the lower court denied that relief was because the court ruled that our bivens claim was not satisfactory and that the proposed amendment was futile. But I disagree with that also. I disagree because I believe there is a bivens claim because under Ziegler… Okay, I'm sorry. So you're conceding that you improperly pled below. You're saying that if you go back and amend it, you will plead properly and you will make a claim for bivens, and that's what you're about to say, right? I'm sorry, Judge. That you are about to argue what your bivens claim will be, but you concede that you improperly pled below. I concede that I need to amend it, that I believe we have a right to amend, and that it was error for the lower court to not consider the amendment based on the… Okay, so tell us why it's not futile. Why it's not… Futile. Because under bivens, and specifically but really under Ziegler, the Supreme Court has narrowed bivens but certainly has eliminated bivens, and there's now a two-step analysis. That was in 2017, which I believe the lower court didn't properly follow. Under Ziegler, there are now two steps for a bivens claim. Number one, does the case rise in a new context? And if it does, then you have to go to the next step, which is… The special factors. Other special factors, which require the court to be hesitant about pursuing the claim, about considering the claim. Now, in Ziegler, also the court… Bivens action in the award of federal grants, discrimination in the award of federal grants, isn't this a new context? Specifically, the facts, specifically I would agree with that, but I don't can re-judge that this case is different in a meaningful way. Every case… Different from what? What case do you think it's analogous? Davis v. Passman. That's an employment discrimination case. I think it would be reading that case too narrowly to say it's meaningfully different simply because it involves an employee. It's not meaningfully different… It's a case that argued that there was discrimination going on in how law enforcement operated. So the fact that there's discrimination as the basis of a claim was not enough to get recognition of Bivens. You don't have any case involving discrimination in the awarding of federal grants. I have a case, I believe, Your Honor, that we have discrimination based on gender with respect to the ability to receive federal funds under the Respirant Revitalization Funds Program. Well, that's Pressman. You're saying that employment… I mean, what's your grant for awarding the funds case that saw Bivens action? I'm sorry, Judge, I do not understand. Other than Pressman, do you have a case that you think is analogous to this? No, Judge, but I think that Pressman or the Passman case is sufficient. And I also think, secondly, that the district court simply went to directly to the conclusion that this was a novel case. Well, they did. I mean, they didn't just do that, right? They construed your improperly pled in a generous way and then reached this conclusion, right? The court, yes, acknowledged and ruled that we didn't have a right to amend because of the futility of the amendment, which I contest, which I believe was there. I believe we should have had the right to amend to assert an individual claim against the SBA administrator. I think that it's not clear as it would have been otherwise. You've, I think, suggested that it's a little unclear. Why wouldn't there be qualified immunity? The right involved here is reasonably defined. It's the same right that Justice Brennan articulated in the ‑‑ That might be reasonably defined, but is it reasonably defined that a public official would be individually liable for damages in this context of trying to implement a statute passed by Congress? I believe that what the court articulated in Passman was that an individual has a federal constitutional right not to be discriminated upon by virtue of gender, and I believe that's why we have a right which can be reasonably articulated and defined. Secondly, I believe that there is a ‑‑ The moral is with Congress. It wasn't the employee who decided that he was going to implement a grant program in a discriminatory, allegedly discriminatory manner. It was Congress that decided it. Correct, but the SBA administrator enforced it and directed employees to enforce it. So I think that there would be qualified immunity. So you're saying every federal employee has an obligation to see whether Congress' statute violates any constitutional protection because if he thinks it does, he can be personally liable for carrying out what Congress has ordered? I think so, Judge. I mean, I think this is ‑‑ And that you don't have any case that's held that so far, right? No, I agree with that, Judge. Okay. But I also think, and I respectfully submit, Your Honor, that the lower court never made any analysis with respect to how this case is different in a meaningful way because she went directly to a conclusion, and I think that was there. I think she should have explained that and articulated some reasoning, some analysis, and that wasn't done. I also think that by virtue of the ‑‑ by virtue of I think the merit of our Bivens claim, there should have been an ability to amend, articulate and amend and assert a claim against the SBA administrator in her individual capacity. But we didn't have that opportunity. Okay. You'll have more time on rebuttal. Thank you so much. Thank you. Mr. Sandberg. Good morning, Your Honors, and may it please the court, Judge Sandberg of the United States. I appreciate my opposing colleague's acknowledgement that the claim for declaratory and injunctive relief cannot proceed. To turn to the Bivens claim, Judge Chen was absolutely right, that if nothing else, qualified immunity would apply here. We're talking about an official's good faith implementation of the very letter of the law as enacted by Congress. But I think it's, you know, you don't even need to reach that. Just under a straightforward Bivens analysis, there's no right of action here. This is obviously a new context. It's not employment. It's a senior federal official's implementation of a $30 billion program. And the implications of recognizing a Bivens claim here would be extraordinary. I'm not aware of any Bivens claim, even in the old days, being recognized as a vehicle for challenging the constitutionality of the Act of Congress. And it would create tremendously perverse incentives and separation of powers problems to be expecting federal officials to pick and choose which federal statutes they'd like to enact based on their own personal view as to their constitutionality. So I would welcome any questions the Court may have. Otherwise, we would ask that the judgment be heard. No, I'm sorry. So can you – are there other special or new factors that you didn't articulate that you'd like us to consider? What we pointed out in the brief, I think, is sufficient. But I can point to a few of them here. One, Congress itself contemplated the idea of damages against the United States under the Federal Tort Claims Act, specifically exempted claims, based on an official's good faith implementation of a statute, regardless of whether it was constitutional or not. So you couldn't go after the United States after this under the FTCA. So it would be unusual for – given that Congress has thought about the idea of liability and has excluded a federal official's faithful implementation of an Act of Congress, it would be extraordinary to imply an individual right of action against them. And one of the things Ziegler says is appropriately considered in Bivens' analysis is has Congress considered the problem and has it provided a remedy or not provided a remedy, but the matter has specifically been considered. That's right. And we would consider the FTCA, which is a statute of general applicability, but we would consider that highly relevant to that. And it's the special factors analysis. I mean, just the fact that we're talking about a senior government official and not an individual making their own decision as to one person is itself enough to – Would you take the position that injunctive relief may have been available to the plaintiffs had they filed on time? Yes, if they had filed timely and if they – I mean, I'm not conceding that the statute is unconstitutional, but I'm saying that the mootness problem would not have – and the standing problem as it currently presents would not have been there. There were folks who filed suit during the priority period, at least three different cases. Plaintiffs got relief over the government's objection. Thank you. Thank you so much. Unless Your Honors have any questions, I have nothing further. Thank you. Thank you. Okay, we'll take the case under advisement.